Approved: _____
          DANIEL H. WOLF
          Assistant United States Attorney

Before:   HONORABLE KEVIN NATHANIEL FOX
          United States Magistrate Judge
          Southern District of New York

19MAG 4312

------------------------------------x
                                    :
UNITED STATES OF AMERICA            :    COMPLAINT
                                    :
          - v. -                    :    Violations of 18 U.S.C.
                                    :    §§ 922(g), 924(c), 21
                                    :    U.S.C. § 841(a)(1),
                                    :    (b)(1)(a), 18 U.S.C. § 2
CLIFFORD TAYLOR,                    :
                                    :
                                    :    COUNTY OF OFFENSE:
              Defendant.            :    BRONX
                                    :
------------------------------------x

STATE OF NEW YORK            ) ss:
SOUTHERN DISTRICT OF NEW YORK )

          EDGARDO BARBOT, being duly sworn, deposes and says
that he is a Detective with the New York City Police Department
("NYPD"), and charges as follows:

**COUNT ONE**

          1.   On or about February 22, 2019, in the Southern
District of New York and elsewhere, CLIFFORD TAYLOR, the
defendant, intentionally and knowingly distributed and possessed
with intent to distribute a controlled substance, in violation
of Title 21, United States Code, Section 841(a)(1).

          2.   The controlled substance that CLIFFORD TAYLOR, the
defendant, distributed and possessed with intent to distribute
was 400 grams and more of mixtures and substances containing a
detectable amount of fentanyl, in violation of Title 21, United
States Code, Section 841(b)(1)(A).

          (Title 21, United States Code, Sections 841(a)(1) and
     841(b)(1)(A); and Title 18, United States Code, Section 2.)

1

## COUNT TWO

3.     On or about February 22, 2019, in the Southern
District of New York and elsewhere, CLIFFORD TAYLOR, the
defendant, after having been previously convicted in a court of
a crime punishable by imprisonment for a term exceeding one
year, knowingly did possess in and affecting commerce, a
firearm, to wit, a .357 caliber Ruger Model SP101 revolver,
which had previously been shipped and transported in interstate
and foreign commerce.

(Title 18, United States Code, Sections 922(g)(1) and 2.)

## COUNT THREE

4.     On or about February 22, 2019, in the Southern
District of New York and elsewhere, CLIFFORD TAYLOR, the
defendant, during and in relation to a drug trafficking crime
for which he may be prosecuted in a court of the United States,
namely, the possession with intent to distribute a controlled
substance charged in Count One of this Complaint, knowingly did
use and carry a firearm, and, in furtherance of such crime, did
possess a firearm.

(Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2.)

The bases for my knowledge of the foregoing charge are, in
part, as follows:

5.     I am a Detective with the NYPD and I have been
personally involved in the investigation of this matter.   This
affidavit is based upon my personal participation in the
investigation, my examination of reports and records, and my
conversations with other law enforcement agents and other
individuals.  Because this affidavit is being submitted for the
limited purpose of demonstrating probable cause, it does not
include all the facts that I have learned during the course of
my investigation.  Where the contents of documents and the
actions, statements, and conversations of others are reported
herein, they are reported in substance and in part, except where
otherwise indicated.

6.     Based on my conversations with a parole officer
("Parole Officer-1") assigned to supervise CLIFFORD TAYLOR, the
defendant, my review of criminal history and parole records, and

2

my training and experience, I have learned the following, in substance and in part:

a.    On or about July 11, 2016, TAYLOR was convicted of attempted criminal possession of a controlled substance, in violation of New York Penal Law § 220.16(12), a felony (the "2016 Conviction"). On or about the same date, TAYLOR was sentenced in connection with the 2016 Conviction to a 4 year term of imprisonment to be followed by 2 years of supervised release.

b.    On or about March 1, 2018, TAYLOR concluded his term of imprisonment in connection with the 2016 Conviction and was released to the supervision of the New York State Department of Corrections and Community Supervision.

c.    On or about March 2, 2018, TAYLOR met with Parole Officer-1 and advised Parole Officer-1 that he (TAYLOR) would be residing at an apartment ("Apartment-1") in the Bronx, New York, located in Apartment Building-1. TAYLOR also provided Parole Officer-1 with a copy of a lease to Apartment-1 that identified TAYLOR as the lessee of that apartment.

d.    Between on or about March 2, 2018, and on or about February 22, 2019, Parole Officer-1 conducted approximately six visits to Apartment-1. During those visits, Parole Officer-1 identified no signs that anyone other than TAYLOR resided at Apartment-1.

7.    Based on my conversations with Parole Officer-1, and other parole officers who accompanied Parole Officer-1 to Apartment-1 on or about February 22, 2019, my conversations with members of the NYPD who participated in arresting CLIFFORD TAYLOR, the defendant, on or about February 22, 2019, my review of NYPD arrest paperwork, and my training and experience, I have learned the following, in substance and in part:

a.    On or about February 22, 2019, Parole Officer-1 and three other parole officers (together with Parole Officer-1, the "Parole Officers") conducted an unannounced search of Apartment-1 pursuant to the conditions of TAYLOR's supervised release.

b.    During the search, the Parole Officers located a wall at the back (the "Back Wall") of a closet inside the living room of Apartment-1 that appeared to the Parole Officers to be

3

Case 1:19-cr-00410-KPF   Document 1   Filed 05/03/19   Page 4 of 5

made of a substance that was different than any of the other
walls in the apartment. The Parole Officers also observed that
molding was affixed to the top of the Back Wall but not to the
side-walls of the closet.

c.   After closer inspection of the Back Wall,
including physically examining the Back Wall, the Parole
Officers concluded that the Back Wall was in fact a "trap door"
with a hinge dividing the wall vertically. By pulling on the
molding that was affixed to the top of the wall, the Parole
Officers were then able to open the "trap door," behind which
they found shelves containing what appeared to the Parole
Officers to be controlled substances (the "Substances"), as well
as firearms (the "Firearms").

8.   Based on my review of NYPD evidence vouchers and NYPD
narcotics laboratory tests, and my training and experience, I
have learned that (a) the Substances included, among other
items, 611.74 grams of a mixture or substance containing
fentanyl, and (b) the Firearms included a .357 caliber Ruger
Model SP101 revolver.

9.   Based on correspondence with an agent of the Bureau of
Alcohol, Tobacco, Firearms and Explosives trained in the
identification of firearms, I understand that the .357 caliber
Ruger Model SP101 revolver is manufactured outside New York
State.

WHEREFORE, I respectfully request that CLIFFORD TAYLOR, the
defendant, be imprisoned, or bailed, as the case may be.

Det. E. Barbet

EDGARDO BARBOT
Detective
New York City Police Department

Sworn to before me this
3 day of May 2019

HONORABLE KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

4

SOUTHERN DISTRICT OF NEW YORK