UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v.-

CLIFFORD TAYLOR,

Defendant.

19 Cr. 410 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

On July 15, 2022, the Court received a motion to take judicial notice of certain facts pursuant to Federal Rule of Criminal Procedure 201.  (Dkt. #192). After consulting with Mr. Taylor's limited purpose counsel, the Court understands Mr. Taylor to be proceeding *pro se* with respect to his motion.

While not styled as such, the Court understands Mr. Taylor's motion to be a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  Mr. Taylor's primary argument appears to be that the search of his apartment violated his rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments.  (Dkt. #192 at 2-5).  Mr. Taylor also challenges the sufficiency of the evidence supporting his conviction, as well as certain statements made in his Presentence Investigation Report.  (*Id.* at 5-6).  Based on these asserted issues, Mr. Taylor asks the Court to "correct any errors" in his case.  (*Id.* at 6).

Given its understanding of Mr. Taylor's motion, the Court issues this Order to inform Mr. Taylor that it intends to recharacterize his motion as one arising under Section 2255.  The Court's recharacterization of Mr. Taylor's motion has important potential consequences, including that any subsequent Section 2255 motion that Mr. Taylor may wish to file would be subject to the

restriction on "second or successive" motions.  *See Adams* v. *United States*, 155

F.3d 582, 583-84 (2d Cir. 1998) (explaining this limitation).  In light of these

potential consequences, the Court offers Mr. Taylor the opportunity to either

withdraw or amend his motion so that the motion contains all the Section 2255

claims that he believes he has.  *See Castro* v. *United States*, 540 U.S. 375, 383

(2003) (directing the Court to give a comparable instruction to *pro se* litigants);

*see also Adams*, 155 F.3d at 584 (same).[1]  Mr. Taylor is directed to inform the

Court whether he wishes to withdraw, amend, or maintain his motion once he

has made that decision.  After it has heard from Mr. Taylor, the Court will

determine the appropriate next steps in this case.

The Clerk of Court is directed to mail a copy of this Order to Mr. Taylor's

address of record.

SO ORDERED.

Dated:   August 25, 2022
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

---

[1]    The Court encourages Mr. Taylor to take advantage of this opportunity.  Based on its preliminary review of Mr. Taylor's motion, the Court questions whether Mr. Taylor will be able to maintain a claim based on the search of his apartment in light of cases such as *Samson* v. *California*, 547 U.S. 843, 857 (2006) (holding that "the Fourth Amendment does not prohibit a police officer from conducting a suspicionless search of a parolee").