# MAHER & PITTELL, LLP

## ATTORNEYS AT LAW

*Reply To:*                                                                                    *Long Island Office*
**42-40 Bell Blvd,  Suite 302**                                              **10 Bond St,  Suite 389**
**Bayside, New York  11361**                                          **Great Neck, New York  11021**
**Tel  (516) 829-2299**                                                       **Tel  (516) 829-2299**
*jp@jpittell.com*                                                                       *jp@jpittell.com*

October 16, 2022

Hon. Katherine Polk Failla
U.S. District Judge
U.S. Courthouse
40 Foley Square
New York, NY 10007



Re:     *U.S. v. Taylor* 19 cr 410 (KPF)

Dear Judge Failla:

I submit this letter on behalf of Clifford Taylor, the defendant in the above referenced matter.

Previously, Your Honor appointed me as counsel for the purposes of preparing and submitting a motion for a reduction of Mr. Taylor's sentence pursuant to 18 U.S.C. §3582(c)(1)(A)(i) (often referred to as a "motion for compassionate release") (a "CR Motion").  (ECF Doc. 91).

Following my appointment as counsel for the CR Motion, Mr. Taylor filed a *pro se* motion entitled MOTION FOR COURT TO TAKE JUDICIAL NOTICE UNDER 201(b)(2) FACTS THAT CANNOT BE DISPUTED (the "*Pro Se* Motion") (ECF. Doc. 192).  Following submission of the *Pro Se* Motion, I informed the Court that I do not intend to adopt, or seek to represent Mr. Taylor on, the *Pro Se* Motion.

Thereafter, by Order dated August 25, 2022, in pertinent part, the Court informed Mr. Taylor as follows:

> While not styled as such, the Court understands Mr. Taylor's motion to be a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 . . . Given its understanding of Mr. Taylor's motion, the Court issues this Order to inform Mr. Taylor that it intends to recharacterize his motion as one arising under Section 2255. The Court's recharacterization of Mr. Taylor's motion has important potential consequences, including that any subsequent Section 2255 motion that Mr. Taylor may wish to file would be subject to the restriction on "second or successive" motions. . . . In light of these potential consequences, the Court offers Mr. Taylor the opportunity to either withdraw or amend his motion so that the motion contains all the Section 2255 claims that he believes he has.
> (the "Order") (ECF Doc. 193).

Following issuance of the Order, in the course of working on the CR Motion, I sent a letter to Mr. Taylor which informed that I am aware of the Order.  My letter indicated that, although I do not intend to serve as counsel on the *Pro Se* Motion, I am willing to -- in order to ensure he understands the import of the Order -- advise Mr. Taylor about the impact of the *Pro Se* Motion being converted into a 2255 motion as set forth in the Order.  Apparently, my letter to Mr. Taylor reached him after he submitted a response to the Order entitled DEFENDANT REPLY TO THE COURT'S ORDER (the "Reply") (ECF Doc. 194).  I have recently received a letter from Mr. Taylor where he indicated as such and seeks to confer with me about the consequences of the *Pro Se* Motion being deemed a 2255 motion.

I am continuing to work of the CR Motion and have been trying (albeit with some difficulty) to schedule a meeting with Mr. Taylor who is at FCI Ft. Dix.  When I meet with him, I plan to further discuss with him the issue noted in the Order.

In light of the foregoing, I respectfully request that the *Pro Se* Motion -- and any judicial determination as to nature of the *Pro Se* Motion -- be held in abeyance until I am able to confer with Mr. Taylor.  After I have conferred with Mr. Taylor, I propose writing the Court to inform how he seeks to proceed in regard to *Pro Se* Motion.  As noted above, if Mr. Taylor seeks to move forward with the *Pro Se* Motion, at this point, I do not seek to represent him as counsel on the *Pro Se* Motion. As such, my role in this matter is to serve as an intermediary between the Court and Mr. Taylor in order to ensure there is clarity regarding the procedural and jurisdictional nature of the *Pro Se* Motion.

Wherefore, I respectfully request the *Pro Se* Motion, and Court's determination of the nature of the *Pro Se* Motion, be held in abeyance until I am able to confer with Mr. Taylor and report back to the Court.

Respectfully submitted,
/s/
Jeffrey Pittell

cc:     AUSA Daniel Wolf (by ECF)
        Clifford Taylor (by mail)

2

Application GRANTED.  The Court recognizes the limited nature of
Mr. Pittell's representation of Mr. Taylor and appreciates Mr.
Pittell's willingness to confer with Mr. Taylor about the
consequences of the Court construing his pro se motion as a
challenge to his sentence under 28 U.S.C. § 2255.  In order to
allow Mr. Taylor an opportunity to confer with Mr. Pittell, the
motion at docket entry #192 is hereby held in abeyance.  Mr.
Taylor is directed to inform the Court whether he wishes to
withdraw, amend, or maintain his motion once he has made that
decision.

The Clerk of Court is directed to terminate the motion at docket
entry #195.  The Clerk of Court is further directed to mail a copy
of this endorsement to Mr. Taylor's address of record.


Dated:      October 17, 2022            SO ORDERED.
            New York, New York


                                        HON. KATHERINE POLK FAILLA
                                        UNITED STATES DISTRICT JUDGE