UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| -v.- | 19 Cr. 410 (KPF) |
| CLIFFORD TAYLOR, | **ORDER** |
| Defendant. | |

KATHERINE POLK FAILLA, District Judge:

On February 22, 2019 — on parole and a few days shy of his 69th birthday — Clifford Taylor was discovered storing guns and a significant quantity of narcotics behind a false wall in his apartment. Taylor pleaded guilty pursuant to a written plea agreement with the Government and was sentenced by this Court in September 2021 principally to a term of 84 months' imprisonment. Thereafter, Taylor filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, claiming constitutional violations in connection with his prosecution and guilty plea. This Court denied the motion in an Opinion and Order entered on October 30, 2023. *United States* v. *Taylor*, No. 19 Cr. 410 (KPF), 2023 WL 7167883 (S.D.N.Y. Oct. 30, 2023) ("*Taylor I*"). Given the recency and comprehensiveness of that Opinion, its factual and procedural histories are incorporated by reference herein, as well as its citing conventions.

Taylor now moves for compassionate release, in the form of a reduction in sentence to time served, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), proffering various bases for relief. The Government opposes Taylor's motion. For the

reasons set forth in the remainder of this Opinion, the Court denies Taylor's motion.

## APPLICABLE LAW

Under 18 U.S.C. § 3582(c)(1)(A)(i), as modified by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018) (the "FSA), a court may reduce a defendant's sentence upon motion of the Director of the BOP, or upon motion of the defendant.  A defendant may move under § 3582(c)(1)(A)(i) only after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  *Id.*

When considering an application under § 3582(c)(1)(A)(i), a court may reduce a defendant's sentence only if it finds that "extraordinary and compelling reasons warrant such a reduction," and that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A)(i); *see generally United States* v. *Kimbell*, No. 21-288, 2021 WL 5441249, at *1 (2d Cir. Nov. 22, 2021) (summary order).  The Second Circuit has summarized the standards pursuant to which district courts must evaluate compassionate release applications:

> A court deciding a compassionate release motion can consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [it]." *United States* v. *Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).  But there are three requirements that must be satisfied before a court can grant such relief.  First, absent waiver or forfeiture by the government, an inmate must exhaust administrative remedies by

requesting such relief from prison authorities. Specifically, an inmate may ask the sentencing court to consider reducing a sentence only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."   18 U.S.C. § 3582(c)(1)(A); *see also United States* v. *Saladino*, 7 F.4th 120, 124 (2d Cir. 2021) (holding that the government may waive or forfeit the exhaustion requirement).   Second, a court must "consider[ ] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable."   18 U.S.C. § 3582(c)(1)(A); *see* [*United States* v. *Jones*, 17 F.4th 371, 374-75 (2d Cir. 2021)].   Section 3553(a), in turn, lists numerous factors a court must review when imposing a sentence.   These include, as most relevant here, "the nature and circumstances of the offense and the history and characteristics of the defendant"; "the need for the sentence imposed ... to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; "the need for the sentence imposed ... to provide the defendant with ... correctional treatment in the most effective manner"; and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."   18 U.S.C. § 3553(a).   Third, the inmate must demonstrate that his proffered circumstances are indeed "extraordinary and compelling" such that, in light of these § 3553(a) factors, a sentence reduction is justified under § 3582(c)(1)(A) and would not simply constitute second-guessing of the sentence previously imposed.

*United States* v. *Keitt*, 21 F.4th 67, 71 (2d Cir. 2021); *accord United States* v. *Halvon*, 26 F.4th 566, 570 (2d Cir. 2022).   The district court's discretion includes the power to reduce, as well as to eliminate, the remaining term of a defendant's sentence.   *See Brooker*, 976 F.3d at 237.

In Amendment 821 to the United States Sentencing Guidelines (the "Guidelines" or "U.S.S.G."), effective as of November 1, 2023, and later made

retroactive, the Sentencing Commission amended the policy statement contained at U.S.S.G. § 1B1.13 in order to provide guidance as to what constitutes extraordinary and compelling circumstances in defendant-initiated (as distinguished from BOP-initiated) compassionate release requests. This amendment "now controls the analysis of a compassionate release motion, however initiated." *United States* v. *Lopez,* No. 16 Cr. 317-22 (PAE), 2024 WL 964593, at *2 (S.D.N.Y. Mar. 5, 2024).

Among the conditions listed as potential extraordinary and compelling circumstances are the following:

> (1) MEDICAL CIRCUMSTANCES OF THE DEFENDANT —
>
> ***
>
> (B) The defendant is —
>
> (i) suffering from a serious physical or medical condition,
>
> (ii) suffering from a serious functional or cognitive impairment, or
>
> (iii) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover[; or]
>
> (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.
>
> ***

4

(2) AGE OF THE DEFENDANT. — The defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

\*\*\*

(5) OTHER REASONS. — The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

U.S.S.G. § 1B1.13(b).

The "existence of 'extraordinary and compelling reasons' for a reduction does not mean that a district court must release the defendant." *United States* v. *Madoff*, 465 F. Supp. 3d 343, 349 (S.D.N.Y. 2020). Even if a court finds that a defendant has established an extraordinary and compelling reason for a reduction in sentence, it still must then consider the factors set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A)(i). "The defendant has the burden to show he is entitled to a sentence reduction." *United States* v. *Ebbers*, No. 02 Cr. 1144-3 (VEC), 2020 WL 91399, at \*4 (S.D.N.Y. Jan. 8, 2020) (citing *United States* v. *Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992)); *accord United States* v. *Jacques*, No. 20-3276, 2022 WL 894695, at \*1 (2d Cir. Mar. 28, 2022) (summary order).

## DISCUSSION[1]

### A.    Taylor Has Not Demonstrated Extraordinary and Compelling Circumstances

Taylor proffers several facts as potential extraordinary and compelling circumstances, including: (i) his medical conditions; (ii) his rehabilitative efforts and exemplary prison record; (iii) his conditions of incarceration; (iv) his age; and (v) the limitations on his visitation while incarcerated.  The Court has considered Taylor's arguments and evidence carefully, and ultimately concludes that, taken individually or in the aggregate, the facts presented do not qualify as extraordinary and compelling.[2]

With particular respect to his medical conditions, Taylor relates a variety of issues, some of which were diagnosed prior to his incarceration and others of which were diagnosed more recently.  The conditions include: hyperlipidemia, anxiety, depression, glaucoma, hypermetropia, vertigo, hearing loss, essential hypertension, rhinitis, asthma, dermatitis, multiple joint pain, chronic kidney disease, benign prostatic hyperplasia, headaches, Hepatitis B, Hepatitis C, and Vitamin D deficiency.  (*See* Medical Records, Encounter Date June 28, 2024).  According to Taylor, his conditions are either not being treated, or not being

---

[1]    For ease of reference, the Court refers to Taylor's counseled brief in support of his compassionate release motion as "Def. Br." (Dkt. #211); to the Government's brief in opposition as "Gov't Opp." (Dkt. #213); and to Taylor's reply brief in further support of his motion as "Def. Reply" (Dkt. #217).  The Court also received several tranches of medical records under seal, and obtained more recent medical records from the BOP covering medical treatment received through early July 2024; it will refer to all of these records by the date of the medical consultation listed in the record.

[2]    Taylor relates that he has administratively exhausted his claims by filing a request with the Warden of the Federal Correctional Institution at Fort Dix, New Jersey ("FCI Fort Dix"), that was not responded to within 30 days.  (Def. Br. 9-10).  The Government does not contest this point.  (Gov't Opp. 6).

treated adequately, with the result that he has had several visits to the hospital.  (*See, e.g.*, Def. Br. 22-24).

Many of Taylor's medical issues were known to the Court at sentencing, and were one of the bases for the Court's substantially-below-Guidelines sentence of 84 months' imprisonment; Taylor acknowledges as much, but notes that this fact does not foreclose later consideration in a Section 3582(c)(1)(A)(i) motion.  (Def. Br. 23 n.7).  While Taylor is correct, the fact remains that the Court has reviewed more than 600 pages of medical records, from which it can readily conclude that Taylor is receiving appropriate medical care in a timely fashion.  More pointedly, the Court's review of the records of Taylor's June 28, 2024 appointment with a staff physician at the Federal Correctional Institution in Otisville, New York ("FCI Otisville") discloses the following updates:

- Dr. Alphonso Linley notes that, since Taylor arrived at FCI Otisville, he has had five "specialized encounters," in the areas of cardiology, ophthalmology, audiology, hematology, and a colonoscopy;

- Taylor has four pending follow-up appointments in specialized areas, including ophthalmology, rheumatology, gastroenterology, and hematology;

- Subsequent testing has not supported a prior diagnosis of latent tuberculosis;

- Facility medical personnel are currently working to rule out the possibility of an autoimmune disease, in light of certain of Taylor's test results;

- Medical personnel continue to monitor Taylor's chronic kidney disease; and

7

- Medical personnel plan additional follow-up care after Taylor receives bilateral knee x-rays and a chest x-ray, all of which are scheduled to take place in August 2024, as well as a digital rectal examination, which did not appear to have been scheduled.

(*See* Medical Records, Encounter Date June 28, 2024).  While it is true that Taylor has a number of medical conditions, this Court cannot say that he is receiving no or inadequate medical care at FCI Otisville, and thus rejects his medical conditions as an extraordinary and compelling circumstance.[3]

Separately, Taylor argues that his rehabilitation and exemplary conduct while incarcerated amount to extraordinary and compelling circumstances. (Def. Br. 24-31; Def. Reply 4-5).  In support, Taylor has submitted letters from inmates at FCI Fort Dix and FCI Otisville to whom Taylor has provided guidance and support; a summary of his educational, employment-related, and personal advances while incarcerated; and several letters from Taylor himself. (*See* Def. Exhibit Binder).  The Court has reviewed these materials with care, and commends Taylor for bettering himself while incarcerated.  The Court also recognizes, as does Taylor (Def. Br. 24), that while rehabilitation is not, by itself, sufficient to constitute an extraordinary and compelling circumstance, "rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what

---

[3]   Taylor notes in his reply brief that he has a loose dental bridge that requires adjustment or replacement.  (Def. Reply 3).  The Court observed references in Taylor's medical records to his bridge being fixed on or about July 28, 2022.  (Medical Records, Encounter Date July 28, 2022).  If Taylor continues to have issues with his bridge and if FCI Otisville fails to respond to his requests for assistance, Taylor's counsel may reach out to this Court for assistance.

extent a reduction in the defendant's term of imprisonment is warranted."
U.S.S.G. § 1B1.13(d); *see also* 28 U.S.C. § 994(t) ("Rehabilitation of the
defendant alone shall not be considered an extraordinary and compelling
reason."). The Court finds that Taylor's other bases for relief do not amount to
extraordinary or compelling circumstances, and will not grant his motion based
on his rehabilitation alone. *Cf. United States* v. *Muyet*, No. 95 Cr. 941 (LAP),
2024 WL 2830825, at *5 (S.D.N.Y. June 3, 2024) ("Simply put, the evidence of
rehabilitation offered by Defendant does not, alone or in combination with all
other relevant considerations, establish extraordinary and compelling reasons
for a reduction in his sentence."); *United States* v. *Raposo*, No. 98 Cr. 185
(JPC), 2024 WL 165195, at *9 (S.D.N.Y. Jan. 16, 2024) ("And given the Court's
findings that [the defendant's] other arguments do not constitute extraordinary
and compelling reasons, even evidence of complete rehabilitation cannot
suffice.").

Taylor next turns to the conditions of his confinement — in particular,
the "modified operations" protocols that began in response to the COVID-19
pandemic and have continued intermittently in response to other BOP issues,
including staffing shortages and security concerns. (Def. Br. 32-34; Def.
Reply 3-4). While the Court must acknowledge that aspects of Taylor's
confinement are suboptimal, including overcrowding, sporadic lockdowns, and
certain hygiene issues, the fact remains that they are common among prisons,
and do not constitute extraordinary and compelling circumstances. *Cf. United
States* v. *Porter*, No. 96 Cr. 515 (LAP), 2024 WL 2159850, at *5 (S.D.N.Y.

May 14, 2024) ("With respect to the other hardships resulting from being incarcerated in recent years, such as repeated lockdowns, these problems are not unique to this Defendant and do not justify a reduction in sentence." (collecting cases)).  More to the point, this Court strove to protect Taylor from the worst of the pandemic-related risks and restrictions, by granting him bail despite his lengthy and concerning criminal history, and by allowing him to self-surrender to his facility.  It will not reduce his sentence further, when his experiences have been far better than those who were detained during the height of the pandemic.  *Cf. United States* v. *Hudson*, No. 19 Cr. 496-01 (CM), 2023 WL 6160580, at *3 (S.D.N.Y. Sept. 21, 2023) ("By allowing [the defendant] to continue to be at large during the heart of the COVID-19 pandemic (at defendant's request, for the expressed reason of avoiding the harsh conditions of confinement owing to the pandemic), [the defendant] was spared that hardship" faced by pandemic-era prisoners.).

Taylor seeks relief under the age provision of U.S.S.G. § 1B1.13(b)(2), outlined above.  However, while he is older than 65, and while he has arguably demonstrated age-related medical conditions, the fact remains that Taylor has not served 75% of the 84-month term of imprisonment imposed by this Court.  As of the date of this Order, he has served 45 months.  And even if Taylor were correct that the 75% figure should be calculated using the "Net Sentence" method postulated by his counsel (*see* Def. Br. 5-6, 35), this Court would find that age was not an extraordinary and compelling circumstance, given the facts that (i) Taylor's criminal conduct continued over a period of decades,

10

culminating in the instant offense conduct at age 68; and (ii) the Court previously factored Taylor's age into its original sentencing determination.

Finally, Taylor cites the restrictions on visitation that he experienced while housed at FCI Fort Dix over a period of approximately 15 months.  (Def. Br. 35-36).  For avoidance of doubt, the Court does not champion limits on visitation, and believes instead that BOP should promote family visitation to the broadest extent possible.  Even so, the Court is unwilling to reduce Taylor's sentence in part or in whole because of BOP's understandable limitations on visitation.  *See, e.g., Porter*, 2024 WL 2159850, at *5 (rejecting "repeated lockdowns" as extraordinary and compelling reason); *accord United States* v. *Hertular*, No. 04 CR. 9 (NRB), 2024 WL 196015, at *3 (S.D.N.Y. Jan. 18, 2024) (rejecting "lockdowns and a lack of family visitation" as extraordinary and compelling circumstances).  In short, for all of the reasons just stated, the Court finds that Taylor has not demonstrated extraordinary and compelling circumstances that merit compassionate release.

## B.    The Section 3553(a) Factors Do Not Support a Sentence Reduction

Ultimately, even were the Court to have found that one or more of Taylor's reasons amounted to "extraordinary and compelling," it would still deny his motion after considering the factors set forth in 18 U.S.C. § 3553(a), which factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," as well as the needs "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," "to afford adequate deterrence to criminal

conduct," and "to protect the public from further crimes of the defendant."  *See* 18 U.S.C. § 3553(a)(1), (a)(2)(A)-(C).  As the Probation Office Noted in its Sentencing Recommendation, the instant offense represented Taylor's ninth criminal conviction, and his criminal history dated back nearly 50 years.  (PSR 28).  Taylor's convictions included a state conviction for robbery for which he received a sentence of 5 to 10 years' imprisonment; a federal conviction for bank robbery for which he received a sentence of 14 years' imprisonment; a state conviction for cocaine trafficking for which he received a sentence of 20 years' imprisonment; and a state conviction for attempted murder for which he received a sentence of 6 to 12 years' imprisonment.  (PSR ¶¶ 41-69).  And as noted previously, Taylor was on parole when he committed the instant offense. (*Id.* ¶ 68).

Finally, while Taylor ultimately sought to accept responsibility by pleading guilty after losing a motion to suppress, the Court remains concerned about his motion to vacate his conviction under 28 U.S.C. § 2255.  The motion contained numerous erroneous (if not deliberately false) statements from Taylor concerning, among other things, the pre-plea conduct of his prior counsel and Taylor's knowledge of the various waivers implicated by his guilty plea. Taylor's continued unwillingness to accept responsibility fully, coupled with his extraordinary (and violent) criminal history, counsels against a further reduction in his sentence.

12

## CONCLUSION

For the reasons stated above, the Court DENIES Taylor's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). The Clerk of Court is directed to terminate the motion at docket entry 210.

SO ORDERED.

Dated:   July 22, 2024
           New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

13